## LUCAS et al. v. KING.

No. 6173—Opinion Filed March 12, 1918.

Rehearing Denied May 21, 1918.

(172 Pac. 939.)

### Replevin—Judgment—Evidence.

The evidence in this cause is examined, and held, that there is not sufficient legal evidence to sustain the verdict and judgment of the trial court.

(Opinion by Pryor, C.)

Error from District Court, Caddo County; J. T. Johnson, Judge.

Replevin action by G. L. King against J. E. Lucas, and another. Verdict and judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions to grant a new trial.

See, also, 64 Okla. 18, 165 Pac. 165.

Riddle & Hammerly, Berstein & Spiers, and Warren K. Snyder, for plaintiffs in error.

Bond, Melton & Melton, for defendant in error.

Opinion by PRYOR, C. This is a replevin action commenced on the 11th day of January, 1913, in the district court of Caddo county, by the plaintiffs in error, G. L. King, against the plaintiffs in error, J. E. Lucas, and Matt Cunyan. The parties will be referred to as they appeared in the trial court. The petition by the plaintiff contains the ordinary allegations in a replevin action and fixes the value of the property at $2,705, and asks for damages for the wrongful detention thereof in the sum of $2,500. The answer of the defendant is a general denial. The defense of the defendants was that the defendant J. E. Lucas held the possession of the property sought to be recovered under and by virtue of a chattel mortgage given and executed to him by the plaintiff to secure the payment of a promissory note in the sum of $1,881. The plaintiff meets this contention of the defendant by claiming that the defendant and the plaintiff and W. C. King, brother of the plaintiff, for several years were engaged in grading and construction work; that he and his brother owned the teams and equipment necessary for carrying on such work, and that it was agreed between the parties that the defendant, Lucas, should finance the construction business and should apply the profits to the payment of the indebtedness; and claiming that there had been enough profits made out of the business and received by said Lucas to discharge all the indebtedness that the plaintiff owed the defendant. The jury returned a verdict in favor of the plaintiff for the possession of the property, or the value thereof, and awarded the defendant $2,300 damages for the wrongful detention thereof, and the defendants appeal.

The only question presented on appeal for consideration is whether or not the evidence is sufficient to sustain the verdict of the jury. The parties, by attempting to adjust all of their disputes arising out of the business relations of the plaintiff and defendants, have, in fact, made this an action for an accounting, involving in the trial thereof many complications, difficulties, and numerous accounts and transactions. The record and the evidence are exceedingly complicated and confused, and it would seem practically impossible for a jury to have arrived at a correct verdict.

A thorough examination of the evidence in this case clearly and convincingly establishes the fact that the verdict of the jury is not supported by the evidence. If the plaintiff is given credit for all of the items in his favor about which there is no dispute, together with all of the doubted and disputed ones, and defendant Lucas given credit for only those items in his favor in regard to which there is no dispute, there is still a balance in favor of the defendant Lucas. Further, it was the contention of the plaintiff that a part of the property involved in the controversy was sold by the defendant Lucas under a chattel mortgage that he held against the plaintiff, and purchased the property himself at the sale, but claims that the sale was fraudulent; however, the evidence totally fails to establish that this sale by Lucas was not a bona fide sale, and that the property brought its true value, and that the defendant Lucas gave the plaintiff full credit therefor. On the issue the court clearly committed prejudicial error in refusing to instruct the jury that it should not take into consideration this property in determining whether or not the plaintiff had fully paid the defendant. Further, the verdict and judgment for the possession of the property is against both J. E. Lucas and Matt Cunyan; also the verdict and judgment were

jointly rendered again..t J. E. Lucas and Matt Cunyan for dama..es in the sum of $2,-300 for the wrongful detention thereof. There is no evidence whatever tending to support this judgment for damages against the defendant Matt Cunyan.

This cause should be reversed, with the suggestion that was made in the case of Lucas v. King, 64 Okla. 18, 165 Pac. 165:

"If the parties continue to treat this cause as a suit for an accounting, it should be tried as such, and complete findings made which would enable this court on review to ascertain with some degree of certainty the specific items of account found to be established by the evidence."

The judgment of the trial court is therefore reversed and remanded, with directions to grant a new trial.

By the Court: It is so ordered.